Cornejo v Rose Castle Corp. (2024 NY Slip Op 04193)

Cornejo v Rose Castle Corp.

2024 NY Slip Op 04193

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-07214
 (Index No. 500178/16)

[*1]Jose Cornejo, etc., et al., respondents, 
v
Rose Castle Corp., etc., et al., defendants; New York State Department of Taxation and Finance, nonparty-appellant.

Letitia James, Attorney General, New York, NY (Ester Murdukhayeva, Daniel S. Magy, and Stephen J. Yanni of counsel), for nonparty-appellant.
Leeds Brown Law, P.C., Carle Place, NY (Michael A. Tompkins of counsel), for respondents.

DECISION & ORDER
In a class action to recover damages for violations of Labor Law article 6, nonparty New York State Department of Taxation and Finance appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated August 8, 2022. The order, insofar as appealed from, denied that branch of the motion of nonparty New York State Department of Taxation and Finance which was to quash so much of a subpoena duces tecum as sought "All Form NYS-45 for each quarter from 2009 until present submitted by or related to" the defendants Rose Castle Corp., Rose Party Function Corp., and Rose Castle Catering, Inc.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of nonparty New York State Department of Taxation and Finance which was to quash so much of a subpoena duces tecum as sought "All Form NYS-45 for each quarter from 2009 until present submitted by or related to" the defendants Rose Castle Corp., Rose Party Function Corp., and Rose Castle Catering, Inc., is granted.
The plaintiffs commenced this class action against, among others, the defendants Rose Castle Corp., Rose Party Function Corp., and Rose Castle Catering, Inc. (hereinafter collectively the corporate defendants), to recover unpaid wages, tips, service charges, and gratuities in violation of Labor Law § 196-d. The Supreme Court certified the class as "all individuals who performed work as servers, attendants, bussers, bartenders, food runners, captains and in related service positions at Defendants' catered events from October 2009 to the present, including those at the facility commonly known as Rose Castle." Thereafter, the plaintiffs served a judicial subpoena duces tecum upon the New York State Department of Taxation and Finance (hereinafter the Department), requesting that it produce certain documents. The Department moved to quash the subpoena, arguing, inter alia, that the secrecy provisions of the Tax Law prohibit the Department from disclosing the documents sought. The plaintiffs opposed the motion. In an order dated August 8, 2022, the court, inter alia, denied that branch of the motion which was to quash so much of the subpoena as sought "All Form NYS-45 for each quarter from 2009 until present submitted by or related to" the corporate defendants. The Department appeals.
The Supreme Court should have granted that branch of the Department's motion which was to quash so much of the subpoena as sought "All Form NYS-45 for each quarter from 2009 until present submitted by or related to" the corporate defendants pursuant to Tax Law § 697 (see CPLR 2304). The Department established that it should not be required to disclose the information contained in any return filed with it, as, pursuant to Tax Law § 697(e)(1) and (2), "'[e]xcept in accordance with proper judicial order or as otherwise provided by law, it shall be unlawful' for the [D]epartment or any of its officers to divulge the information contained in any return filed with it, and . . . it 'shall not be required to produce any of them or evidence of anything contained in them in any action or proceeding in any court'" (Matter of New York State Dept. of Taxation & Fin. v New York State Dept. of Law, Statewide Organized Crime Task Force , 44 NY2d 575, 578). "[A] 'proper order' is one which either effectuates the enumerated exceptions within the statute or which arises out of a case in which the report is itself at issue, as in a forgery or perjury prosecution" (id. at 582). In opposition, the plaintiffs failed to identify any exceptions to the statute (see id. at 578; Tax Law § 697[e][2]; [f]) or demonstrate extraordinary circumstances (see Matter of New York State Dept. of Taxation & Fin. v New York State Dept. of Law, Statewide Organized Crime Task Force , 44 NY2d at 582).
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court